1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE M.,

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

Case No. 3:19-cv-05499

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12       Plaintiff has brought this matter for judicial review of Defendant's denial of her

13 applications for disability insurance ("DIB") and supplemental security income ("SSI")

14 benefits.

15       The parties have consented to have this matter heard by the undersigned

16 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

17 MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

18 and the ALJ's decision is reversed and remanded for further proceedings.

19                 I.        <u>ISSUES FOR REVIEW</u>

20     1.  Did the ALJ err in evaluating the medical opinion evidence?
    2.  Did the ALJ properly assess Plaintiff's testimony?
21     3.  Did the ALJ err in evaluating lay witness statements?

22                 II.        <u>BACKGROUND</u>

23       On August 28, 2011 and August 30, 2011, Plaintiff filed applications for DIB and

24 SSI respectively, alleging in both applications a disability onset date of August 5, 2008.

25

AR 225. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *Id.* A hearing was held before Administrative Law Judge ("ALJ") Ted W. Armbruster on August 6, 2013. *Id.* On September 21, 2013, ALJ Armbruster issued a written decision finding that Plaintiff was not disabled. AR 314-27. On April 16, 2015, the Social Security Appeals Council denied Plaintiff's request for review. AR 245-50.

On October 16, 2014, Plaintiff filed a complaint in this court seeking judicial review of ALJ Armbruster's September 21, 2013 decision. AR 242-44. On August 30, 2016, this Court issued an order affirming ALJ Armbruster's decision. AR 303-13.

On August 28, 2015, Plaintiff filed new applications for DIB and SSI, alleging a disability onset of August 27, 2008. AR 68, 414-15, 416-17, 418-26. Plaintiff subsequently amended her disability onset date to September 22, 2013. AR 189-90, 455-56.[1] Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 68, 336-44, 346-51, 352-58. On January 3, 2018, a hearing was held before ALJ Rudolph Murgo on January 3, 2018. AR 186-221. On February 27, 2018, ALJ Murgo issued an unfavorable decision. AR 65-77. On January 30, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 12-17.

Plaintiff seeks judicial review of the ALJ's January 30, 2019 decision. Dkt. 6.

III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

---

[1] The ALJ incorrectly cited Plaintiff's amended onset date as March 22, 2013. AR 68, 190.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

2   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

3                           IV.      DISCUSSION

4           In this case, the ALJ found that Plaintiff had the severe, medically determinable

5   impairments of obesity, asthma, a history of episodic, heat induced anaphylaxis

6   resulting in angioedema, and heart arrhythmia. AR 71. The ALJ found that Plaintiff had

7   the non-severe impairment of soft tissue swelling from allergies. *Id.*

8           Based on the limitations stemming from these impairments, the ALJ found that

9   Plaintiff could perform a reduced range of light work. AR 72. Relying on vocational

10  expert ("VE") testimony, the ALJ found that while Plaintiff could not perform her past

11  work, she could perform other light, unskilled jobs at step five of the sequential

12  evaluation; therefore the ALJ determined at step five that Plaintiff was not disabled. AR

13  75-77, 218-19.

14          A.   Whether the ALJ erred in evaluating the medical opinion evidence

15          Plaintiff contends that the ALJ erred by not considering a medical opinion from

16  Michael Manning, M.D. Dkt. 14, pp. 2-3.[2]

17          It is unnecessary for the ALJ to "discuss all evidence presented". *Vincent on*

18  *Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted)

19

20  _____

21  [2] Plaintiff further contends that the ALJ erred in assigning "great weight" to the opinion of non-examining state agency consultant Howard Platter, M.D., partly because Dr. Platter's opinion is inconsistent with the opinions of Dr. Manning and Ms. Miller. Dkt. 14, p. 8, citing AR 75. For the reasons discussed below, the ALJ's evaluation of these opinions is supported by substantial evidence. Plaintiff's argument that Dr.

22  Platter was unable to review the entire the record is similarly unpersuasive, given that Plaintiff does not cite any specific, unconsidered evidence that would have altered Dr. Platter's opinion. *See Valentine v.*

23  *Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (rejecting an invitation to find that the ALJ failed to account for a claimant's injuries "in some unspecified way" when the claimant did not detail what

24  other limitations flow from the evidence of his injuries, beyond the limitations already listed in the RFC).

25

1    (emphasis in original). However, an ALJ "may not reject 'significant probative evidence'

2    without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (internal

3    quotations omitted).

4        On July 12, 2013, Dr. Manning, who treated Plaintiff's allergies, provided a

5    statement concerning Plaintiff's condition. AR 631. Dr. Manning stated that a review of

6    the medical records provided by Plaintiff indicated that she has allergic reactions with

7    exertion and when exposed to high temperatures. *Id.* Dr. Manning stated that he was

8    unable to document any specific catalyst for her allergic reactions beyond the exertion

9    and temperatures triggers Plaintiff mentioned, and was unable to perform further testing

10   because Plaintiff was unable to stop taking her prescribed medications. *Id.* Dr. Manning

11   opined that it would be difficult for Plaintiff to maintain any type of employment until he

12   could ascertain what was causing Plaintiff's allergic reactions. *Id.*

13       ALJ Murgo did not discuss Dr. Manning's opinion. This failure to address Dr.

14   Manning's opinion contrasts with the September 21, 2013 decision of ALJ Armbruster,

15   where a detailed consideration of Dr. Manning's opinion was included. AR 323. ALJ

16   Armbruster assigned "little weight" to Dr. Manning's opinion, reasoning that: (1) Dr.

17   Manning commented elsewhere in the record that attempts to conduct additional testing

18   were unsuccessful because Plaintiff did not attend her appointments; (2) Dr. Manning's

19   assessment was vague, conclusory, and there was no explanation of the evidence he

20   relied upon on; (3) Dr. Manning's opinion was more extreme and restrictive than

21   Plaintiff's own allegations; and (4) despite Plaintiff's allegations, she was able to work

22   for more than a decade while coping with her allergy symptoms. AR 323.

23

24

25

1
2
3

This Court found (in the Order of August 30, 2016) that ALJ Armbruster's decision to reject Dr. Manning's opinion was supported by substantial evidence because the opinion was brief, conclusory, and not backed up by objective findings. AR 310-11.

4
5
6
7
8
9
10

In his February 27, 2018 decision, ALJ Murgo found there was no good cause for re-opening ALJ Armbruster's September 21, 2013 decision; Plaintiff does not challenge this finding. AR 68-69. An ALJ may apply res judicata principles to bar reconsideration of an already adjudicated period, and, as a general proposition, the ALJ's decision not to re-open the prior determination is not subject to judicial review. *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985); *see also* 20 C.F.R. § 416.1403(a)(5) (denial of request to re-open not subject to judicial review).

11
12
13
14
15
16
17
18
19

Plaintiff has not appealed to this Court ALJ Murgo's decision not to re-open the prior ALJ determination. Nor does Plaintiff argue that Dr. Manning's findings, such as they were, apply to the period at issue. Plaintiff does not contend that Dr. Manning's opinion, even if it were credited as true, would require restrictions beyond those already contained in Plaintiff's residual functional capacity ("RFC"), which contains significant environmental restrictions to accommodate Plaintiff's anaphylaxis. AR 72; *see Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (*citing Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors").

20

Accordingly, ALJ Murgo did not err with respect to Dr. Manning's opinion.

21

B.  <u>Whether the ALJ erred in evaluating Plaintiff's testimony</u>

22
23

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 14, pp. 8-13.

24
25

1      In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

2  *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

3  there is objective medical evidence of an underlying impairment that could reasonably

4  be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

5  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

6  evidence of malingering, the second step allows the ALJ to reject the claimant's

7  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

8  and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

9  *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

10      In discounting Plaintiff's symptom testimony, the ALJ reasoned that Plaintiff's

11  allegations were inconsistent with: (1) the medical record; and (2) Plaintiff's self-

12  reported activities of daily living. AR 73-75.

13      With respect to the ALJ's first reason, an inconsistency with the objective

14  evidence may serve as a clear and convincing reason for discounting a claimant's

15  testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297

16  (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony

17  "solely because the degree of pain alleged is not supported by objective medical

18  evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation

19  marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.

20  1995) (applying rule to subjective complaints other than pain).

21      As for the ALJ's second reason, a claimant's participation in everyday activities

22  indicating capacities that are transferable to a work setting may constitute a clear and

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ found that Plaintiff could engage in activities of daily living in a "controlled" environment, take walks, go the library, and perform routine home repairs. AR 74-75, 728, 856, 867. Plaintiff's ability to engage in these routine, undemanding activities does not constitute a clear and convincing reason for discounting her testimony. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

The ALJ further found that Plaintiff's ability to live in a home with a cat and smokers, and to be around "a lot of smokers" was inconsistent with her allegations concerning the intensity of her allergies. AR 75, 761, 856. As discussed above in connection with Dr. Manning's opinion, the medical record is unclear concerning precisely what triggers Plaintiff's allergies and anaphylaxis – Plaintiff testified that she has an anaphylactic reaction, throat swelling and an inability to breathe, when her body temperature rises, or she eats anything containing milk fat. AR 210-212. Further, Plaintiff, a smoker, never stated that cigarette smoke triggers her symptoms, and specifically stated that proximity to cats does not trigger them. AR 654, 978, 1120. The

1  ALJ's inference that her symptoms are not as severe as alleged because she is

2  exposed to allergens that routinely cause reactions in others, such as cat dander and

3  cigarette smoke, is not supported by substantial evidence.

4      The ALJ found that Plaintiff lived in Arizona for several years during the period at

5  issue, a state "well known" for hot summers that Plaintiff was able to endure despite her

6  claim that heat triggers her anaphylaxis. AR 74. The ALJ further found that Plaintiff

7  travelled to Las Vegas in July 2017, and did not report any episodes of angioedema

8  from heat exposure. AR 75, 881.

9      Plaintiff lived in Arizona from 2008 through approximately May 2015. AR 197,

10  761. Plaintiff testified that she stopped working full-time in 2008 due to chronic

11  anaphylaxis, and said she was cut from the state of Arizona's vocational training

12  program when she went into anaphylactic shock during a work assignment at a grocery

13  store. AR 195-98. Plaintiff does not appear to have engaged in substantial gainful

14  activity between her amended onset date of September 22, 2013 and May 2015, and

15  Plaintiff's mere presence in the state of Arizona during the period at issue does not

16  constitute a clear and convincing reason for discounting her testimony.

17      The ALJ's finding that Plaintiff did not suffer symptoms during her trip to Las

18  Vegas in July 2017 is not supported by the record, which indicates that she reported

19  coughing, shortness of breath, and wheezing after her trip, and exhibited a hoarse voice

20  consistent with swelling in her throat. AR 881-83.

21      The ALJ also found that Plaintiff did not experience any episodes of anaphylaxis

22  when periodically working at a clothing bank at her local church, which the ALJ

23  reasoned would involve unpredictable exposure to allergens. AR 75. Plaintiff testifies

24

25

1   that while it is difficult for her, once every three or four weeks she volunteers at her

2   church for about an hour. AR 207, 212. Plaintiff testified that she did suffer an episode

3   of anaphylaxis while volunteering, and had to be taken to the hospital. AR 212-13.

4        Accordingly, the ALJ has not provided clear and convincing reasons, and the

5   reasons that were provided are not supported by substantial evidence, for discounting

6   Plaintiff's testimony.

7        C.   Whether the ALJ erred in assessing lay witness statements

8        Plaintiff contends that the ALJ erred in evaluating opinions from Terri L. Miller,

9   ARNP, SSI Facilitators Marilyn Meldrich and K. Ivanoff, and Plaintiff's mother. Dkt. 14,

10   pp. 3-4, 13-17.

11       When evaluating opinions from non-acceptable medical sources such as nurse

12   practitioners, SSI facilitators, and family members, an ALJ may expressly disregard

13   such lay testimony if the ALJ provides "reasons germane to each witness for doing so."

14   *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing

15   *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

16       1.   Ms. Miller

17       Examining nurse practitioner Terri Miller offered two opinions concerning

18   Plaintiff's physical limitations. Ms. Miller examined Plaintiff for the first time on July 10,

19   2015. AR 728-32. Ms. Miller stated that at this visit, Plaintiff did not present supporting

20   documentation to substantiate her claims concerning anaphylaxis, but stated that

21   Plaintiff's claims were consistent with the results of her examination and the available

22   records. AR 728-30. Ms. Miler opined that Plaintiff was "limited" in employability for a

23   minimum of 12 months due to potential anaphylaxis from exertion, but could perform

24

25

1   light duty work in a temperature-controlled environment. AR 730. In a form attached to

2   her evaluation, Ms. Miller opined that Plaintiff could perform no more than sedentary

3   work. AR 727.

4         On June 10, 2016, Ms. Miller submitted another opinion concerning Plaintiff's

5   functional limitations, this time opining that Plaintiff was both able to perform sedentary

6   work and "severely limited" (meaning unable to meet the demands of sedentary work).

7   AR 875-77.

8         The ALJ assigned "little weight" to Ms. Miller's opinions, reasoning that: (1) they

9   were inconsistent with the medical record; (2) they were not well explained; and (3) they

10   were inconsistent with Plaintiff's self-reported activities of daily living. AR 75.

11        Although citing the inconsistency between medical records and Ms. Miller's

12   opinions can ostensibly be a germane reason to discount Ms. Miller's opinion, this does

13   not appear to be a reason that is supported by substantial evidence.. *See Baylis v.*

14   *Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is

15   a germane reason for discrediting lay testimony); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th

16   Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long

17   as "arguably germane reasons" for dismissing the testimony are noted, even though the

18   ALJ does "not clearly link his determination to those reasons," and substantial evidence

19   supports the ALJ's decision). The record shows that Plaintiff was seen by Dr. Sanjeev

20   Jain, MD, at the Columbia Asthma and Allergy Clinic starting in early 2016 and

21   continuing during the same time that Ms. Miller was seeing the Plaintiff, AR 760-768,

22   854-859, 869-874; Plaintiff was evaluated by Dr. Michael Lewis as supervisor for

23   Certified Physician's Assistant Stacey Wheeler on March 21, 2016; Plaintiff also had a

24

25

chest CT scan on February 29, 2016, analyzed by Dr. Eric Postal. AR 750-754. The findings of Ms. Miller, relevant to this time period, are consistent with the medical records prepared from evaluations by Dr. Jain, Dr. Lewis, PA-C Miller, and Dr. Postal. The ALJ's rejection of Ms. Miller's opinion is not germane, because it is not supported by substantial evidence.

However, the opinions of Ms. Miller were not well-explained, and this is a germane reason for discounting or rejecting them. *See* 20 C.F.R. §§ 404.1527, 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.")

2. <u>Ms. Meldrich and Ms. Ivanoff</u>

On October 26, 2015, agency interviewer K. Ivanoff observed that Plaintiff had difficulties with reading, breathing, and answering, that she "seemed to have a lot [of] problems [with] phle[g]m," and that she "coughed a lot a[nd] spit into Kleenex." AR 453.

On August 17, 2016, SSI Facilitator Marilyn Meldrich also observed that Plaintiff had difficulty breathing and walking, coughed, had a raspy voice, scratches on her arms, and swollen legs. AR 505-07.

The ALJ did not cite the observations of Ms. Ivanoff and Ms. Meldrich in evaluating the opinion evidence.

In evaluating the record, agency adjudicators may consider observations by agency personnel. *See* Social Security Ruling ("SSR") 16-3p ("Other evidence that we will consider includes statements from . . . any other sources that might have

1   information about the individual's symptoms, including agency personnel."); *see also* 20

2   C.F.R. § § 404.1529(c)(3), 416.927(c)(3) ("We will consider all of the evidence

3   presented, including . . . observations by our employees and other persons.").

4        However, it is unnecessary for the ALJ to "discuss all evidence presented".

5   *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation

6   omitted) (emphasis in original). The ALJ must only explain why "significant probative

7   evidence has been rejected." *Id.*

8        Here, the observations of Ms. Ivanoff and Ms. Meldrich were based upon brief

9   encounters with Plaintiff, and were intended to gather basic information about Plaintiff's

10  condition, not to provide testimony about her functional limitations. The ALJ did not err

11  in declining to assess this evidence.

12       3.  Plaintiff's Mother

13       Plaintiff and her mother jointly submitted two function reports on December 29,

14  2015 and August 24, 2016, which re-state Plaintiff's allegations. AR 469-76, 508-16.

15       The ALJ assigned limited weight to these reports, reasoning that: (1) they were

16  inconsistent with the medical record; (2) they were inconsistent with Plaintiff's activities

17  of daily living; and (3) Plaintiff's mother is not an acceptable medical source. AR 75.

18       In citing the inconsistency of these statements with the medical record, the ALJ

19  has provided a germane reason for discounting them. *See Baylis v. Barnhart*, 427 F.3d

20  1214, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

21       D.  Additional evidence

22       The record contains evidence submitted by Plaintiff after the ALJ issued his

23  decision. AR 26-59, 84-185. The Appeals Council denied review of Plaintiff's claim and

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

did not exhibit this evidence, reasoning that it either did not relate to the period at issue or it did not show a reasonable probability of changing the outcome. AR 13.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of lab tests, pulmonary function reports, and treatment notes concerning Plaintiff's asthma, allergies, and anaphylaxis. AR 26-59, 84-185. The ALJ shall evaluate this evidence as appropriate on remand.

E.   Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

"(1) the record has been fully developed and further administrative
proceedings would serve no useful purpose; (2) the ALJ has failed to
provide legally sufficient reasons for rejecting evidence, whether claimant
testimony or medical opinion; and (3) if the improperly discredited
evidence were credited as true, the ALJ would be required to find the
claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.
2014)).

Here, the ALJ erred in evaluating Plaintiff's testimony. However, there remains
significant doubt concerning whether Plaintiff is in fact disabled. *See Garrison v. Colvin*,
759 F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further
proceedings when the record as a whole creates "serious doubt" as to whether the
claimant is disabled within the meaning of the Social Security Act.). Accordingly,
remand for further proceedings is the appropriate remedy.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when she found
Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore
REVERSED and this matter is REMANDED for further administrative proceedings. The
ALJ is directed to re-assess Plaintiff's testimony on remand.

Dated this 13th day of October, 2020.

Theresa L. Fricke
United States Magistrate Judge